## No. 26289

## The People of the State of Colorado v. Frank Mari
(528 P.2d 917)

Decided December 2, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

C. H. Anderson, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendant was arrested in Logan County, and charged with violating 1967 Perm. Supp., C.R.S. 1963, 13-5-30, which prohibits driving while under the influence of intoxicating liquor. He was taken to the sheriff's office where he submitted to a blood-alcohol test administered by Iris Lambert, a medical technologist. Neither a physician, nor a registered nurse was present at the time the blood was extracted.

At trial, in Logan County Court, Mrs. Lambert's testimony as to the analysis of the blood sample for its alcoholic content was introduced into evidence over objection of the defense counsel. She testified that the defendant's blood sample contained .275 per cent of alcohol by weight. The court found the defendant guilty of driving while under the influence of alcohol, and on appeal, the District Court for Logan County affirmed. Appeal from the district court judgment was taken to the Colorado Court of Appeals. Upon application this Court accepted jurisdiction. For the reasons set forth herein, we affirm.

Defendant contends that the trial judge improperly admitted the testimony of Iris Lambert concerning the results of the blood-alcohol test in that she did not qualify under section 13-5-30(3)(b) as one entitled to withdraw blood for the purpose of administering the test. He further argues that even if Mrs. Lambert was a qualified person under the statute, the withdrawal of his blood under the circumstances constituted an unreasonable search of his person, thereby violating his rights as protected by the Fourth

Amendment to the United States Constitution, and Article II, § 7 of the Colorado Constitution. We do not agree with either contention.

## I.

First, the defendant contends that the medical technologist, Iris Lambert, was not qualified to "withdraw blood for the purpose of determining the alocholic content therein." 1967 Perm. Supp., C.R.S. 13-5-30(3)(b). That statute states:

"The test shall be administered at the direction of the arresting officer if he has reasonable grounds to believe such person was driving a motor vehicle while under the influence of intoxicating liquor, and in accordance with rules and regulations prescribed by the State Board of Public Health, and with utmost respect for the constitutional rights, dignity of person, and health of the person being tested. The arresting officer may not take a blood sample, and no person except a physician, registered nurse, *or a person whose normal duties include withdrawing blood samples under the supervision of a physician or registered nurse* shall be entitled to withdraw blood for the purpose of determining the alcoholic content therein."

It is upon the emphasized portion of the statute that the People claim Mrs. Lambert's qualification. The defendant, on the other hand, asserts that because Mrs. Lambert was not, at the moment she withdrew defendant's blood, acting under the supervision of a doctor or registered nurse, she did not come within the class of persons qualified by the statute to withdraw blood. We do not read the statute to require on-the-spot supervision; on the contrary, if her normal duties as a medical technologist include withdrawing blood samples while she is under the supervision of a physician or registered nurse, she qualifies notwithstanding the fact that supervision was not present at this time. We read the "under supervision" clause as referring to any "normal duties" and not as a requirement that the supervision be present at the time the technician withdraws the blood.

That Mrs. Lambert's normal duties involved the withdrawal of blood while under the supervision of a doctor or nurse is very clear from her testimony at the trial. She testified that she was a graduate of the College of Medical Technology in Minneapolis,

had been a medical technologist for 18 years, and was presently working under the supervision of Dr. Timmermans, a licensed pathologist. Over the past 18 years, she had drawn and tested many thousands of blood samples, approximately 40 or 50 of which were for the content of alcohol. Additionally, she testified that she was familiar with the Colorado Department of Health Regulations on the drawing of blood, and that she complied with these regulations when she withdrew blood from the defendant. The trial court's finding that Mrs. Lambert was a qualified person under the statute is amply supported by the evidence.

II.

The defendant further contends that the taking of the blood sample in an open room in the sheriff's office with no doctor or nurse available was an unreasonable search of his person in violation of the Fourth Amendment to the United States Constitution and Article II, § 7 of the Colorado Constitution. We find this contention to be without merit.

Notwithstanding the fact that the extraction took place in a non-medical environment without a doctor or nurse present, the record reveals that a highly qualified and experienced medical technologist took the blood sample in conformity with the Department of Health Regulations and with no infringement upon the personal dignity of the defendant. Under the circumstances here, the taking was well within the ambit of a reasonable search as defined in *Schmerber v. State of California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908.

The judgment of the district court is affirmed.

MR. JUSTICE DAY does not participate.